

2003 OCT 27  P 2: 44

US DISTRICT COURT
HARTFORD CT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCIA G. COHEN, | : | DN. 3:01CV1391 (AWT) |
| *Plaintiff,* | : | |
| v. | : | |
| ELECTRONIC DATA SYSTEMS CORPORATION, et al., | : | |
| *Defendants.* | : | October 27, 2003 |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE**

**I.    INTRODUCTION**

Plaintiff moved to strike paragraphs 21, 22, and 25 from Defendants' Rule 9(c)(1) statement, alleging that such statements were inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Plaintiff's bald conclusion chooses to ignore the obvious prerequisite to hearsay – the statement at issue must actually *be* hearsay before the Court should engage in an analysis whether the statement is "inadmissable hearsay" or whether it is subject to one of the numerous exceptions. A cursory review of the relevant body of law reveals that none of the three statements qualify as hearsay, as none are being offered to prove the truth of the matter asserted. Accordingly, the Court should deny Plaintiff's Motion to Strike.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## II. ANALYSIS

Rule 801 provides that hearsay is "a statement . . . offered in evidence *to prove the truth of the matter asserted.*" Fed. R. Evid. 801(c) (emphasis added). Neither paragraphs 21 or 22 are offered for the truth of the matter asserted within them – Plaintiff's conduct at the meeting – but, rather, are offered to show Ellen Arce's knowledge and state of mind regarding: 1) the removal of Plaintiff from direct contact with DSS employees; 2) Plaintiff's October 2000 review; and 3) ultimately, Plaintiff's termination. Paragraph 25 is offered to show Douglas LeFrance's knowledge and state of mind with respect to these issues.

Both paragraphs 21 and 22 relate to what Arce was told by DSS employees about Plaintiff's conduct at the June 2000 DUR Board meeting. Paragraph 21 states:

> On the very next morning following the meeting, June 2, 2000, [Ellen] Arce received a telephone call from Elizabeth Geary regarding Plaintiff's behavior at the DUR Board meeting the previous night. (Arce Tr. 46, 50, 67-68; Arce Dep. Ex. 1 at EDS-00292). Geary stated that Plaintiff had disrupted the meeting and had monopolized the discussions. (Arce Tr. 46; Arce Dep. Ex. 1 at EDS-00292; R. Carbray Aff. ¶5). Geary indicated that Plaintiff was argumentative with members of the Board and that the meeting had been extended by at least an hour because of Plaintiff's comments and actions. (Arce Tr. 46; Carbray Aff. ¶5). Geary told Arce that she had tried many times to get Plaintiff's attention because of her unprofessional behavior - - Plaintiff had not sat with Geary and [Shelia] Dorval as instructed - - but Plaintiff did not respond to Geary's efforts. (Arce Tr. 50; Dorval Tr. 40). Geary told Arce that after the meeting, when she and Dorval were leaving, Plaintiff quipped to them "Now, am I going to be punished?" (Arce Tr. 50; Dorval Tr. 26-27). Geary ended the conversation with Arce by stating that Plaintiff was Arce's employee, but she did not believe that Arce would be able to correct what Geary sensed was a longstanding problem. (Arce Tr. 50). Geary did not give Arce any instructions or direction as to how Arce should respond to her telephone call. (Arce Tr. 69, 74). Geary did not request or recommend that EDS terminate Plaintiff; (Arce Tr. 69, 106-107).

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Likewise, Paragraph 22 states:

> Subsequent to her call with Geary, Arce spoke with Dorval regarding Plaintiff's behavior at the meeting. (Arce Tr. 68-69). Dorval confirmed Geary's characterization and asked Arce to explain what instructions she had given Plaintiff prior to the meeting. (Arce Tr. 68; Dorval Tr. 30-31, 37-39). Arce reiterated that she had told Plaintiff that she was attending the meeting as an invited guest and to go only as an "observer." (Arce Tr. 68). In fact, Dorval commented that Plaintiff clearly did not follow those instructions. (Dorval Tr. 37). In fact, Dorval testified that Plaintiff made numerous unsolicited statements and interjected her thoughts into discussion among the Board members. (Dorval Tr. 42-43; Carbray Aff. ¶5). Dorval stated that Plaintiff was confrontational with Board members. (Dorval Tr. 23; Carbray Aff. ¶5). Dorval also testified that Plaintiff's unsolicited comments had interrupted the flow of the normal course of the meeting, thus extending its length by an hour to an hour and a half longer than usual. (Dorval Tr. 26; Carbray Aff. ¶5). Dorval did not give Arce any instructions or direction as to how Arce should respond to her telephone call. (Arce Tr. 69, 74). Dorval did not request or recommend that EDS terminate Plaintiff. (Arce Tr. 74, 106-07).[1]

Paragraph 25 relates to the complaint LeFrance received from Marcia Mains following Plaintiff's misconduct at the June 2000 DUR Board Meeting. Paragraph 25 states:

> Arce and [Account Program Services Manager Nancy] Honeck then met with [Deputy Account Manager Douglas] LeFrance, who had discussed Plaintiff's misconduct with DSS Director of Operations Marcia Mains. (Arce Tr. 72-74; Honeck Tr. 53-54). After reviewing various options, including termination, the group reached a consensus that because Plaintiff was a new employee, she should be given the benefit of the doubt and not terminated. (Arce Tr. 72-74; Honeck Tr. 53-54). However, based upon concerns raised by Marcia Mains regarding Plaintiff's ability to successfully interact with DSS and its staff, LaFrance, Honeck, and Arce agreed that Plaintiff should no longer have direct contact with any DSS employees, including written or verbal communication or attendance with any DSS meetings. (Arce Tr. 72-74; Honeck Tr. 53-54). Instead, the

---

[1] Since Dorval's statements to Acre are supported, *inter alia*, by *Dorval's own testimony*, Plaintiff's argument of hearsay is, frankly, puzzling. Moreover, Defendants also submitted the Affidavit of Richard Carbray who confirmed Dorval and Geary's account of Plaintiff's misbehavior.

3

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

group decided that Arce or Honeck would complete any of Plaintiff's assignments that required Plaintiff to interact or communicate with the customer. (Honeck Tr. 54).

The first two paragraphs are not being offered for the truth of the matter asserted, *i.e.* Plaintiff's conduct at the meeting, and, as such, are admissible. See, e.g., United States v. Harris, 942 F.2d 1125, 1130 (7th Cir. 1991) ("these letters were hearsay if offered for the truth of the matters asserted - that Kritzik did in fact love [defendant], enjoyed getting her things, wanted to take care of her financial security, and gave her the jewelry at issue as a gift. But the letters were not hearsay for the purpose of showing what Harris believed, because her belief does not depend on the actual truth of the matters asserted in the letters"). Rather, they are being offered to show Arce's knowledge that such complaints were lodged against Plaintiff, and Arce's state of mind. Moreover, paragraph 22 is Dorval's own account of what occurred. Paragraph 25 is also not hearsay, because it is offered to show LeFrance's knowledge that complaints were lodged against Plaintiff, and LeFrance's state of mind.

Because Geary and Dorval's statements to Arce, as well as Main's statements to LaFrance, are offered to show Arce's and LeFrance's respective knowledge and state of mind, the statements are not hearsay. Where a statement is offered solely to show the defendant's knowledge, the statement is not hearsay. See, e.g., United States v. Johnson, 71 F.3d 539, 543 (6th Cir. 1995). For example, in United States v. Chavis, 772 F.2d 100 (5th Cir. 1985), the complaints against a business were admissible as non-hearsay, because such statements were not being offered to show that the events complained of actually occurred, but only that the

4

defendants had been notified of the complaints. 772 F.2d at 105. See also, Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000) (in wrongful death action concerning negligent hiring of truck driver, affidavit containing comments made by one of the employer's owners about the truck driver's violent past should have been admitted as non-hearsay, not for the truth of the matter asserted, but solely to prove that the owner was aware of the driver's history); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 575 (1st Cir. 1989) (a customer's complaint offered to show that a decision maker had notice of the complaint, rather than to prove the specific misconduct alleged, is not barred by the hearsay rule). Likewise, paragraphs 21, 22 and 25 are not asserted to show that Plaintiff *actually* conducted herself in the manner Geary and Dorval ascribed to her (the testimony of Dorval and Carbray effectively show that), but rather that Arce and LaFrance was notified of such behavior.

Where a statement establishes knowledge to explain behavior, the statement is not hearsay. "A[] group falling *outside the category of hearsay* consists of statements made by one person which become known to another *offered as circumstances under which the latter acted and as bearing upon his conduct*." M. Graham, *Federal Practice & Procedure: Evidence* § 7005 (Interim Edition 2000) (emphasis added). In other words, testimony is permissible where such statements illustrate not the truth of the matter, but establish why an individual reacted as she did upon hearing the statement. See, e.g. United States v. Linwood, 142 F.3d 418, 425 (7th Cir. 1998).

It is well-settled that testimony is admissible when it is offered not for the truth of the matter asserted, but to show the state of mind of an individual. See, United States v. Colston, 936 F.2d 312, 317 (7th Cir. 1991) (evidence that witness was told that the jewelry he bought was fake was not hearsay, because it was offered to show his state of mind at the time of the offense rather than the actual composition of the jewelry). "When it is proved that D made a statement to X, with the purpose of showing the probable state of mind thereby induced in X . . . the evidence is not subject to attack as hearsay." C. McCormick, *McCormick on Evidence* § 249, at 733-34 (E. Cleary 3d ed.1984).

This is especially true in employment termination cases, where "the testimony of a manager concerning the reasons for an employee's termination is admissible hearsay when offered to help explain the manager's motive and state of mind when the employee was terminated." 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 801.11[5][b] (Joseph M. McLaughlin, ed., Matthew Bender 2ed 2003).

For example, in Lindsey v. Prive Corp., 161 F.3d 886 (5th Cir. 1998), the manager testified to information he received from other managers concerning the employee. The court held that this evidence was admissible not for the truth of that information, but to explain the manager's motive and state of mind when she terminated the plaintiff. 161 F.3d at 895. See also, Abrams v. Lightolier Inc., 50 F.3d 1204, 1207-18 (3d Cir. 1995) (employer's statement about decision to fire plaintiff was non-hearsay because it went to state of mind).

Courts within the Second Circuit follow the well-established principle that testimony reflecting complaints about a discharged employee are not hearsay and are therefore admissible when offered to show the employer's motive and basis for decision. For example, in <u>Mazzella v. RCA Global Communications, Inc.</u>, 642 F.Supp. 1531 (S.D.N.Y. 1986), the plaintiff, who was claiming pregnancy discrimination, argued that her supervisor's testimony about co-employees' complaints was inadmissable hearsay. The court disagreed:

> The testimony concerning the complaints was not admitted to prove that the incidents complained of had in fact occurred, but for the purpose of proving that [her supervisors] had received these complaints. The mere receipt of these complaints was relevant and sufficient to show that plaintiff's supervisors had reason to believe that plaintiff was not performing satisfactorily. Moreover, it is well settled that an employer may rely on such testimony in articulating a nondiscriminatory reason for its actions. <u>See</u>, <u>e.g.</u>, <u>Halsell v. Kimberly-Clark Corp.</u>, 683 F.2d 285, 291 (8th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1205...(1983); <u>Lovelace v. Sherwin-Williams Co.</u>, 681 F.2d 230, 244 (4th Cir. 1982); <u>Sutton v. Atlantic Richfield Co.</u>, 646 F.2d 407, 410 (9th Cir. 1981); <u>Franklin v. Greenwood Mills Marketing Co.</u>, [33 F.E.P. Cases] 1847, 1854 (S.D.N.Y. 1983).

<u>Id</u>. at 1543. Further, in <u>Barrett v. Orange County Human Rights Comm'n</u>, 194 F.3d 341 (2d Cir. 1999), the Second Circuit held that the out-of-court statements of a county commissioner were properly admitted to show that the county's motivation for terminating the plaintiff was his difficult, obstructionist behavior, *not* his constitutionally protected speech. <u>Id.</u> at 348.

Additionally, in <u>Langner v. Stop & Shop Supermarket Co.</u>, 2000 WL 158325 (Conn. Super. Jan 27, 2000), the defendant determined that the plaintiff falsified her time records in violation of a company policy after one of the defendant's supervisors told the operations manager that the plaintiff came to work late on July 12. The defendant then terminated the

7

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

plaintiff. The court dismissed the plaintiff's argument that the statement was inadmissible hearsay. Langner, 2000 WL 158325 at *11. In reaching this conclusion, the court determined that the statement in question was not offered for the purpose of showing that the plaintiff actually *did* come to work late, but rather "to show its effect upon the hearer" and, thus, the statement was not hearsay. Id. at *9 n11 (*quoting* State v. Robinson, 213 Conn. 243, 258-59 A.2d 1173 (1989). Moreover, the court provided that a defendant's intent or state of mind is extremely relevant in termination cases, and "[o]ut-of-court statements to a person are admissible to show his state of mind where his mental state is relevant .... A person's 'state of mind' can be shown from what he heard as well as from what he saw, even though what he heard would be normally classified as hearsay." Id. (*quoting* State v. Alvarez, 216 Conn. 301, 311-12, 579 A.2d 515 (1990)).

For identical reasons, the statements at issue in the instant case are not hearsay. Rather, these statements are admissible to show Arce's and LaFrance's knowledge and state of mind leading up to Plaintiff's eventual termination.

### III. CONCLUSION

Detrimental to Plaintiff's Motion, *none* of the three statements Plaintiff challenges are being offered for the truth of the matter asserted, but rather are being offered to show Defendants' knowledge and state of mind. Further, Paragraph 22 is supported by Dorval's own testimony (and each of the Paragraphs are supported by Carbray's averments in his Affidavit). Finally, the hearsay rule does not bar evidence introduced to illustrate a party's

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

viewpoint or attitudes, or the basis for her conclusions. Accordingly, the Court should deny Plaintiff's Motion to Strike.

Respectfully submitted,

By: /s/ *signature*
MARTIN. T. WYMER, ESQ. (CT22965)
KENNETH B. STARK, ESQ. (CT23422)
JONATHAN S. FORMAN, ESQ. (CT22966)
Duvin, Cahn & Hutton, L.P.A.
Erieview Tower, 20th Floor
1301 E. Ninth Street
Cleveland, Ohio 44114
(216) 696-7600
(216) 696-2038 (facsimile)

- and -

GARY S. STARR, ESQ. (CT06038)
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

COUNSEL FOR DEFENDANTS

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION

A copy of the foregoing was mailed first class mail, postage prepaid, on October 27, 2003, to the following persons:

William B. Barnes, Esq.
Rosenstein & Barnes
P.O. Box 687
1100 Kings Hwy. East,
Fairfield, CT 06432
(203) 367-7922

*[signature]*

GARY S. STARR, ESQ.

356294 v.01