UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
MARCIA G. COHEN,              :
                              :
     Plaintiff,               :
                              :
v.                            :      Civil No. 3:01CV01391(AWT)
                              :
ELECTRONIC DATA SYSTEMS        :
CORP., a/k/a EDS, ELLEN       :
ARCE, NANCY HONECK,           :
and DOUGLAS LaFRANCE,         :
                              :
     Defendants.              :
                              :
------------------------------x
```

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, Defendants EDS, Arce, Honeck, and LaFrance's Motion for Summary Judgment on All Claims (Doc. No. 78) is hereby DENIED.

In order to prevail on her Section 1983 claim, the plaintiff will have to show that her discharge from EDS was "fairly attributable" to the state. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).  "A challenged activity by a private entity may be state action when the state . . . provides the private actor with 'significant encouragement, either overt or covert,' or when the private actor 'operates as a willful participant in joint activity with the state or its agents.'"  Cranley v. National Life Ins. Co. of Vermont, 318 F.3d 105 (2d Cir. 2003) (quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 296

(2001).  Genuine issues of material fact exist as to whether the plaintiff's discharge from EDS was fairly attributable to the state.

In order to prevail on her Section 1983 claim, the plaintiff will also have to show that her termination was in violation of her First Amendment rights.  Genuine issues of material fact exist with respect to the Jeffries factors.  See Johnson v. Ganim, 342 F.3d 105, 114 (2d Cir. 2003) ("[A]dverse employment action [may be taken] against a public employee for speech on matters of public concern if: (1) the employer's prediction of the disruption that such speech will cause is reasonable; (2) the potential for disruption outweighs the value of the speech; and (3) the employer took the adverse employment action not in retaliation for the employee's speech, but because of the potential for disruption.  Jeffries v. Harleston, 52 F.3d 9, 13 (2d Cir. 1995).").

The motion is being denied with respect to the plaintiff's state law claim for the reasons set forth in the immediately preceding paragraph.

It is so ordered.

Dated this 31st day of March 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge